UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 2:11-cr-07-JMS-CMM-01 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| GREGORY L. POPE | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:11-cr-00007-JMS-CMM |
| | ) |
| GREGORY L. POPE, | ) -01 |
| | ) |
| Defendant. | ) |

**ORDER**

Defendant Gregory L. Pope has filed a motion seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkt. 60. Mr. Pope seeks immediate release from incarceration.[1] Dkt. 68. For the reasons explained below, his motion is **DENIED**.

**I.   Background**

In December 2011, Mr. Pope pled guilty to one count of distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2). Dkts. 46, 49. According to the factual basis for his guilty plea, a law enforcement official working undercover on a peer-to-peer file sharing program

---

[1] Though it is not clear, it appears that Mr. Pope may also be requesting to serve the remainder of his custodial term on home confinement. Pursuant to statute, the location of a prisoner's confinement is the sole province of BOP, and its placement decisions are "not reviewable by any court." 18 U.S.C. § 3621(b). The Court therefore does not have the authority to order the remainder of Mr. Pope's sentence to be served on home confinement. *See United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021) (district court lacks authority to order transfer to home confinement); *United States v. Council*, No. 1:14-CR-14-5, 2020 WL 3097461, at *7 (N.D. Ind. June 11, 2020); *United States v. Neeley*, No. 1:14-cr-00096, 2020 WL 1956126, at *2 (S.D. Ind. Apr. 23, 2020). Instead, in accordance with § 3582(c)(1)(A), the Court considers whether to reduce Mr. Pope's sentence to time served. *See United States v. Millbrook*, No. 20-2147, 2021 WL 960743, at *2 (7th Cir. Mar. 15, 2021) (finding no error when district court failed to discuss defendant's alternative request for transfer to home confinement because the court had no authority to grant the request under § 3582, which authorizes only sentence "reductions").

2

communicated with Mr. Pope, and Mr. Pope expressed an interest in engaging in sexual relations with the undercover official's 11-year-old cousin. Dkt. 45 at 1. The official also downloaded 46 images and 5 videos that had been shared by Mr. Pope. Among the 51 files were child pornography, some that showed adults engaging in sex acts with very young children (as young as appearing to be aged 2-3 years old). *Id.* During the execution of a search warrant at his home, Mr. Pope admitted to downloading images and videos of child pornography on several occasions and to distributing child pornography by placing it into a shared folder for downloading by others. *Id.* Mr. Pope's guideline range for imprisonment was 262 to 327 months, and the Court sentenced him to 262 months of imprisonment. Dkts. 43, 46, 49. The Court also imposed a lifetime term of supervised release. Dkts. 46, 49. The Bureau of Prisons ("BOP") lists Mr. Pope's anticipated release date (with good-conduct time included) as July 24, 2029.

Mr. Pope is 70 years old. He is currently incarcerated at FCI Englewood in Littleton, Colorado. As of May 19, 2021, the BOP reports that no inmates and 1 staff member at FCI Englewood have active cases of COVID-19; it also reports that 612 inmates at FCI Englewood have recovered from COVID-19 and that no inmates at FCI Englewood have died from the virus. https://www.bop.gov/coronavirus/ (last visited May 20, 2021).

In September 2020, Mr. Pope filed a pro se motion for compassionate release. Dkt. 60. The Court appointed counsel. Dkt. 61. Appointed counsel filed a supporting brief/memorandum, dkt. 68, the United States filed a response in opposition, dkt. 72, and Mr. Pope filed a reply, dkt. 73. Thus, the motion is now ripe for decision.

**II.     Discussion**

Mr. Pope seeks immediate release based on "extraordinary and compelling reasons" as set forth in 18 U.S.C. § 3582(c)(1)(A)(i). Dkt. 60, 68. Specifically, he contends that his underlying

3

medical conditions (his advanced age, hypertension, obesity and type II diabetes mellitus), which make him more susceptible to severe complications from COVID-19, combine with the BOP's inability to control COVID-19 outbreaks in their facilities to establish extraordinary and compelling reasons to reduce his sentence to time served. Dkt. 68. Mr. Pope further argues that his ex-wife is incapacitated, and there is no one else who can provide care for her, which establishes extraordinary and compelling reasons to reduce his sentence. *Id.* In response, the United States concedes that his obesity and diabetes diagnoses establish extraordinary and compelling reasons to possibly warrant a reduction of his sentence. Dkt. 72 at 7. However, the United States argues that Mr. Pope's motion should nevertheless be denied because he remains a danger to the community if released, and the sentencing factors in 18 U.S.C. § 3553(a) do not favor release. *Id.* at 9-16.

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Under one exception to this rule, a court may reduce a sentence upon finding there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for a reduction based on "extraordinary and compelling reasons." Now, a defendant is also permitted to file such a motion after exhausting administrative remedies. *See* First Step Act of 2018, Pub. L.N. 115-391, 132 Stat. 5194, 5239 (2018). The amended version of the statute states:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier,[2] may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without

---

[2] The United States concedes that Mr. Pope has exhausted his administrative remedies. Dkt. 72 at 3.

> conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>> (i) extraordinary and compelling reasons warrant such a reduction; or
>>
>> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).

Congress directed the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). It directed that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." *Id.* Before passage of the First Step Act, the Sentencing Commission promulgated a policy statement regarding compassionate release under § 3582(c). U.S.S.G. § 1B1.13.

Section 1B1.13 sets forth the following considerations. First, whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3). Second, whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, consideration of the sentencing factors in 18 U.S.C. § 3553(a), "to the extent they are applicable." U.S.S.G. § 1B1.13.

5

As to the first consideration, Subsections (A)-(C) of Application Note 1 to § 1B1.13 identify three specific "reasons" that qualify as "extraordinary and compelling": (A) terminal illness diagnoses or serious conditions from which a defendant is unlikely to recover and which "substantially diminish[]" the defendant's capacity for self-care in prison; (B) aging-related health decline where a defendant is over 65 years old and has served at least ten years or 75% of his sentence, whichever is less; or (C) certain family circumstances (the death or incapacitation of the caregiver of the defendant's minor child or the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner). U.S.S.G. § 1B1.13, Application Note 1(A)–(C). Subsection (D) adds a catchall provision for "extraordinary and compelling reason[s] other than, or in combination with, the reasons described in subdivisions (A) through (C)," "[a]s determined by the Director of the Bureau of Prisons." *Id.*, Application Note 1(D).

The policy statement in § 1B1.13 addresses only motions from the Director of the BOP. *Id.* ("Upon the motion of Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment . . ."). It has not been updated since the First Step Act amended § 3582(c)(1)(A) to address motions that are filed by prisoners. As a result, the Sentencing Commission has not yet issued a policy statement "applicable" to motions filed by prisoners. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). And, in the absence of an applicable policy statement, the portion of § 3582(c)(1)(A) requiring that a reduction be "consistent with the applicable policy statements issued by the Sentencing Commission" does not curtail a district court judge's discretion. *Id.* at 1180. Nonetheless, the Commission's analysis in § 1B1.13 can guide a court's discretion without being conclusive. *Id.* As to motions brought under the "catchall" provision in Subsection (D), district judges should give the Director of the BOP's

analysis substantial weight (if he has provided such an analysis), even though those views are not controlling. *Id.*

Accordingly, the Court evaluates motions brought under the "extraordinary and compelling" reasons prong of § 3582(c)(1)(A) with due regard for the guidance provided in § 1B1.13 by deciding: (1) whether a defendant has presented an extraordinary and compelling reason warranting a sentence reduction;[3] (2) whether the defendant presents a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and (3) whether the applicable sentencing factors in § 3553(a) favor granting the motion.

Mr. Pope asks the Court to exercise its broad discretion to find an extraordinary and compelling reason warranting release in this case because he has various conditions (including his advanced age, hypertension, obesity and type II diabetes mellitus) that increase his risk of experiencing severe COVID-19 symptoms. Dkt. 68. The CDC (Centers for Disease Control) has recognized that being obese and having diabetes can make you more likely to get severely ill from COVID-19. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited May 13, 2021). While it appears that Mr. Pope may be managing his conditions while incarcerated, the Court will assume that Mr. Pope's risk of developing severe symptoms if he contracts COVID-19 creates an extraordinary and compelling reason that could warrant a sentence reduction.[4]

---

[3] In keeping with the Seventh Circuit's instruction in *Gunn*, 980 F.3d at 1180-81, the Court has considered the rationale provided by the warden in denying Mr. Pope's administrative request for relief. Mr. Pope's warden appears not to have considered the possibility that Mr. Pope could show an "extraordinary and compelling reason" under Subsection (D) of the policy statement. *See* dkt. 68-2. Thus, the warden's decision provides little guidance to the Court's analysis.

[4] Because the Court will assume that Mr. Pope's underlying medical conditions establish an extraordinary and compelling reason that could warrant a sentence reduction for purposes of his compassionate release motion, it need not reach the question of whether the purported need to care for his

This does not end the analysis, however, because the Court finds that the applicable § 3553(a) sentencing factors weigh against granting Mr. Pope's request for compassionate release. The factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the defendant's crimes; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a). The Court will address those factors that are applicable to Mr. Pope's motion.

Here, Mr. Pope suffers from at least two medical conditions that increase his risk of experiencing severe symptoms if he contracts COVID-19. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited May 20, 2021) (identifying obesity and diabetes as conditions that can make you more likely to get severely ill from COVID-19). While FCI Englewood experienced a significant outbreak of COVID-19, the BOP's efforts to control the virus among the inmate population appear to be having some success. https://www.bop.gov/coronavirus/ (last visited May 20, 2021) (showing that no inmates at FCI Englewood have a current COVID-19 infection). The

---

incapacitated ex-wife also establishes an extraordinary and compelling reason that could warrant a sentence reduction.

BOP has also been actively vaccinating inmates against COVID-19, *see* https://www.bop.gov/coronavirus/ (last visited May 20, 2021). As of May 19, 2021, 624 inmates and 133 staff members at FCI Englewood have received both doses of the COVID-19 vaccine. *Id.* In addition, the BOP reports that, by mid-May 2021, all inmates will have been provided the opportunity to be vaccinated. *See* https://www.bop.gov/resources/news/20210415_hearing.jsp (last visited May 20, 2021). That said, the nature of prisons means that the virus can spread quickly and that inmates have little ability to protect themselves from the virus. In short, the Court is aware of the risk that Mr. Pope faces from COVID-19 and has given it appropriate weight in its consideration of the § 3553(a) factors.

Also weighing in Mr. Pope's favor under the Court's § 3553(a) analysis, he has served 10 years with only 2 disciplinary infractions—and the last one was more than 3 years ago. Dkt. 68-5. The BOP rates him a minimum recidivism risk and gives him a low security classification. Dkt. 68-3. Mr. Pope's time in prison has arguably been more onerous than it might have otherwise been because COVID-19-related restrictions have interfered with his ability to receive treatment for some of his medical conditions (including bladder cancer and macular degeneration). *Id*. Mr. Pope completed the 8-week Life Transformation program. Dkt. 68 at 13. If released, Mr. Popes intends to live with, and care for, his incapacitated ex-wife, whom he plans to re-marry.

Weighing against him, in his factual stipulation for his guilty plea, Mr. Pope admitted to an expressing an interest in engaging in sexual relations with an undercover official's 11-year-old cousin. Dkt. 45 at 1. He also stipulated that the undercover official downloaded 46 images and 5 videos that had been shared by Mr. Pope, which included child pornography; some that showed adults engaging in sex acts with very young children (as young as appearing to be aged 2-3 years old). *Id.* Law enforcement officials confiscated 155 photo images and 22 videos depicting child

9

pornography in Mr. Pope's possession. Dkt. 43 at 4. Mr. Pope has a prior conviction from 2000, also for conduct regarding minors: one count of felony child exploitation and one count of misdemeanor possession of child pornography. Dkt. 43 at 7. He was sentenced to 4 years of imprisonment for the child exploitation conviction and one year of imprisonment for the child pornography possession conviction. *Id.* Mr. Pope stipulated that the facts of that case involved him communicating with an undercover officer in the Chicago, Illinois area, whom he thought was a 13-year-old female. Dkt. 45 at 1. At the time, Mr. Pope was a prison guard at a state prison in Indiana. Mr. Pope set-up a meeting with her on January 23, 1999, at a Holiday Inn. Mr. Pope had previously sent her child pornography and had set up the hotel room time to have sex with her. Mr. Pope had met her in a chatroom named "kinkypreteensex." Mr. Pope was arrested at the hotel. The day he was arrested, it had taken Mr. Pope 4 hours to drive to the location. Upon his arrest, Mr. Pope explained that he would never force anyone to have sex with him; it would have to be consensual. It appears that Mr. Pope has been on the waitlist for sex offender treatment for some time, but he has not yet completed any such treatment. Although the lack of treatment may not be Mr. Pope's fault, the Court has concerns about releasing a recidivist sex offender before he has received treatment. In addition, Mr. Pope has only completed slightly more than half of his sentence, and he still has over 8 years remaining before he is released from custody.

In light of these considerations, the Court finds that releasing Mr. Pope early would not: reflect the seriousness of the offense; promote respect for the law; provide just punishment for the offense; afford adequate deterrence to criminal conduct; or protect the public from further crimes. The Court is sympathetic to the risks Mr. Pope faces from COVID-19 but does not find that those risks warrant releasing him from incarceration at this time. *See United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021) (affirming denial of motion for compassionate release where district

court found that § 3553(a) factors weighed against release despite COVID-19 risk because defendant committed serious offense and had only served one-third of sentence); *United States v. Ebbers*, No. S402-CR-11443VEC, 2020 WL 91399, at *7 (S.D.N.Y. Jan. 8, 2020) (in evaluating a motion for compassionate release, the court should consider whether the § 3553(a) factors outweigh the "extraordinary and compelling reasons" warranting compassionate release, and whether compassionate release would undermine the goals of the original sentence).

### III. Conclusion

For the reasons stated above, Mr. Pope's motion for compassionate release, dkt. [60], is **denied**.

**IT IS SO ORDERED.**

Date: 5/20/2021

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel