UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 2:11-cr-00007-JMS-CMM-1 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| GREGORY L. POPE | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:11-cr-00007-JMS-CMM |
| ) | |
| GREGORY L. POPE, ) | -01 |
| ) | |
| Defendant. ) | |

## ORDER

Defendant Gregory L. Pope has filed a motion seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). [Filing No. 79.] For the reasons explained below, his motion is **DENIED**.

### I.
#### BACKGROUND

On December 20, 2011, Mr. Pope pled guilty to one count of Distribution of Child Pornography in violation of 18 U.S.C. § 2252(a)(2). [Filing No. 49.] The offense conduct is summarized as follows:

> On approximately October 28, 2010, a task force officer working with the Federal Bureau of Investigation (FBI) in Springfield, Illinois, was working in an undercover capacity on a peer to peer file sharing program. A screenname of "Nhawk442" was logged into the network and was sharing files. The undercover officer engaged in conversation with Nhawk.
>
> The officer assumed the identity of an adult male who had an 11-year-old male cousin whom he had molested. During this conversation, Nhawk442 expressed an interest in engaging in sexual relations with the child.
>
> On November 3, 2010, the undercover officer again signed into the peer to peer network, observed numerous files being shared by Nhawk, and selected approximately 46 images and five video files to download. Among these 51 files were images of child pornography, some depicting adults engaging in sex acts with children as young as two to three years of age.

2

> An investigation also revealed that two other jurisdictions had downloaded from Nhawk's account images of child pornography; one in Oklahoma City, Oklahoma, by the FBI on November 12, 2010, and one in New Haven, Connecticut, on November 17, 2010. A subpoena request revealed the information that "Nhawk442" signed in at the times of the downloads belonged to Greg Pope.
>
> A federal search warrant was obtained and executed on December 14, 2010, at Pope's residence. Pope and his wife…were both home and were interviewed. He admitted downloading images and videos of child pornography on several occasions from publicly available peer to peer sharing programs on a network. He expressed that child pornography was anything to do with nude pictures of a child under the age of 18 or a child under age 18 engaged in a sex act. Pope admitted distributing child pornography and disclosed he placed pornographic images into a shared folder and made them available for others to preview and download from him. He also admitted using the screenname, Nhawk442.
>
> Pope told police he had previously been convicted of felony Child Exploitation and misdemeanor Possession of Child Pornography in 2000 in Indiana. The prior conviction in 2000 involved Pope communicating with an undercover officer in Hillside, Illinois, whom he thought was a 13-year-old female and arranging to meet her at a hotel to have sex.
>
> Federal law enforcement authorities in Oklahoma City and New Haven have indicated no additional charges would be pursued in those jurisdictions based on relevant conduct pertaining to the instant offense.
>
> According to the government, law enforcement confiscated 155 photo images and 22 videos depicting child pornography.

[Filing No. 43 at 4.]

Mr. Pope faced a guideline range of 262 to 327 months of imprisonment. [Filing No. 43 at 12.] The Court sentenced him to 262 months of imprisonment followed by lifetime supervised release. [Filing No. 49.] The Bureau of Prisons ("BOP") currently reports Mr. Pope's anticipated release date (with good-conduct time included) as July 24, 2029. https://www.bop.gov/inmateloc/ (last visited Jan. 24, 2025).

Mr. Pope filed a Motion for Compassionate release on September 15, 2020, which the Court denied. [Filing No. 60; Filing No. 74.] He has now filed a second Motion for Compassionate Release *pro se*. [Filing No. 79.] Mr. Pope argues that he establishes extraordinary and compelling

3

reasons for compassionate release because: (1) he suffers from a serious medical condition that requires specialized medical care that he cannot receive at the BOP; (2) this medical condition substantially diminishes his ability to provide self-care; and (3) all of his medical conditions make him exceptionally vulnerable to severe illness from COVID-19. [Filing No. 79 at 4-11.] The Government opposes the motion, [Filing No. 86], and Mr. Pope filed a reply, [Filing No. 87]. The Government also filed a Supplemental Response to address additional medical records it received upon Mr. Pope's transfer to another BOP facility. [Filing No. 89.] The motion is now ripe for the Court's consideration.

## II.
### DISCUSSION

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i).

The Sentencing Commission has set forth the following considerations when evaluating a request for compassionate release: First, whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement"; and second, whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(a)(1)(A) and (a)(2). If a court finds that extraordinary and compelling reasons exists and that the defendant is not a danger to the safety of any other person or to the community, it goes on to consider the sentencing factors in 18 U.S.C. § 3553(a), "to the extent that they are applicable." U.S.S.G. § 1B1.13(a).

The Seventh Circuit has held that district courts have broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The district court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction," *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021). On this point, the United States Sentencing Commission recently amended the Guidelines Manual to identify several new circumstances as "extraordinary and compelling" reasons potentially warranting compassionate release. *See* U.S.S.G. § 1B1.13 (Nov. 2023).

Mr. Pope argues that his medical conditions constitute an extraordinary and compelling reason for his release. [Filing No. 79 at 4-11.] He claims that he is "severely hypertensive and [an] obese diabetic" who suffers from macular degeneration, a serious medical condition causing blindness. [Filing No. 79 at 4.] He also states that he is in remission from cancer and suffers from "hypertrophy of prostrate, chondrocalcinosis in both knees, chronic severe shoulder pain, degeneration of intervertebral disk, chronic nerve pain (radiculitis), edema in his left leg, gross hematuria with clots, monoarthritis, bursitis in his left knee, and several additional ailments related to the aging process." [Filing No. 79 at 7.] Mr. Pope argues that the BOP has not provided him with the necessary medication to prevent his macular degeneration from progressing, and that he is legally blind. [Filing No. 79 at 5.] He also claims that the BOP has refused to bring him to an eye specialist for follow up treatment and that his condition diminishes his ability to provide self-care. [Filing No. 79 at 5.] Mr. Pope argues further that he is in remission from cancer and that the BOP has "repeatedly failed to ensure that [he] makes his scheduled appointments with his oncologist" which led him to undergo an unnecessary surgery, and that he is under constant stress.

[Filing No. 79 at 6.] Mr. Pope argues that his safety in prison is threatened due to his medical conditions and that he is "still vulnerable to COVID-19 in its many variants." [Filing No. 79 at 8-10.]

As relevant here, under Section 1B1.13(b)(1) of the recently amended United States Sentencing Guidelines, extraordinary and compelling reasons for release exist under the following two circumstances:

> (B) The defendant is –
>
>> (i) suffering from a serious physical or medical condition,
>>
>> (ii) suffering from a serious functional or cognitive impairment, or
>>
>> (iii) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

U.S.S.G § 1B1.13(b)(1)(B)-(C).

Mr. Pope has failed to show that any of his medical conditions are life threatening, debilitating, or impact his ability to engage in self-care. His BOP medical records indicate ongoing treatment for hypertension, diabetes, macular degeneration, and remissive bladder cancer, all of which are managed with consistent care for non-life-threatening conditions. [*See* Filing No. 86-6.] Since 2012, the BOP has classified him as "STABLE, CHRONIC CARE," and he has not needed transfer to a medical institution. [Filing No. 86-7 at 4.] The conditions Mr. Pope describes are not inherently life-threatening and he has not shown that his ailments prevent him from performing daily self-care activities or from benefiting from the medical resources available to

him within the BOP. His medical conditions are not an extraordinary and compelling reason for compassionate release, whether considered alone or in combination with any other factor.

Mr. Pope also argues that he requires specialized medical care that is not being provided at the BOP, causing a serious deterioration in his health. Such an allegation might form the basis for relief in a civil suit filed in Mr. Pope's district of incarceration, but it does not constitute grounds for a sentence reduction under § 3582(c)(1)(A). *United States v. Miller*, 2022 WL 2187555, at *1 (7th Cir. June 16, 2022).

Pope's additional reason for requesting a sentence reduction – the risk to his physical health presented by COVID-19, particularly in light of his medical conditions – is not an extraordinary and compelling reason to release him, either alone or in combination with any other reason. The Seventh Circuit has said that "for the many prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer far more relief than a judicial order…. [F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021). Additionally, he "has not presented any evidence establishing that he is more at risk for an adverse outcome in prison than he would be if released." *United States v. Barbee*, 25 F.4th 531, 533 (7th Cir. 2022). He has not presented "data showing that vaccinated prisoners are at materially greater risk of breakthrough infections than other vaccinated persons." *United States v. Cochran*, 2022 WL 1236336, at *1 (7th Cir. Jan. 18, 2022); *United States v. Hoskins*, 2022 WL 2187558, at *1 (7th Cir. June 16, 2022) (emphasizing that a defendant needs individualized evidence of why, despite his vaccination, his medical risks are extraordinary compared to the general population). If a prisoner "would remain at comparable risk outside prison, the possibility of infection cannot be

described as an 'extraordinary and compelling' consideration supporting release." *United States v. Vaughn*, 62 F.4th 1071, 1072 (7th Cir. 2023); *see also United States v. Santana-Cabrera*, 2023 WL 2674363, at *2 (7th Cir. Mar. 29, 2023). In short, Mr. Pope has not carried his burden to show that the risk he faces from COVID-19 is an extraordinary and compelling reason for relief under § 3582(c)(1)(A), whether considered alone or in combination with any other factor. *Barbee*, 25 F.4th at 533; *Vaughn*, 62 F.4th at 1072.[1]

    The Court, in its discretion, finds that Mr. Pope has not carried his burden to show that there are extraordinary and compelling reasons for his release, whether considered alone or in conjunction with any other reason. In any event, even if the Court found that extraordinary and compelling reasons exist, it also finds that Mr. Pope is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(a)(2). Mr. Pope was convicted of distributing materials involving a prepubescent minor or a minor who had not attained the age of 12 in exchange for additional child pornography and the possibility of sex with a minor male. [Filing No. 43 at 5.] The Court counts Mr. Pope's offense among those that are the most dangerous to the public. Additionally, he had already served time in the Indiana Department of Corrections for child exploitation at the time of his arrest, yet still engaged in the conduct that is the subject of this case. [Filing No. 43 at 7.] And significantly, he was disciplined in the BOP for possessing unauthorized photographs of minor children and pornography. [Filing No. 86-2.] These circumstances indicate that Mr. Pope is a danger to the safety of any other person or to the community, making compassionate release unwarranted.

---

[1] The United States Sentencing Guidelines Manual identifies the outbreak of infectious disease in prisons as an "extraordinary and compelling" circumstance potentially warranting compassionate release. U.S.S.G. § 1B1.13 (Nov. 2023). Mr. Pope does not meet the criteria for that extraordinary and compelling reason either. *See* U.S.S.G. § 1B1.13(b)(1)(D) (Nov. 2023).

In sum, the Court finds that Mr. Pope has not presented extraordinary and compelling reasons to release him, whether considered alone or in conjunction with any other reason, and also finds that he is a danger to the safety of any other person or to the community. Given these determinations, the Court need not address whether the sentencing factors listed in 18 U.S.C. § 3553(a) weigh in favor of his release.

### III.
### CONCLUSION

For the reasons stated above, Mr. Pope's motion for compassionate release, [79], is **DENIED**.

Date: 1/27/2025

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**

**Distribution via United States Mail to:**

Gregory L. Pope
# 09871-028
FMC Butner
Federal Medical Center
P.O. Box 1600
Butner, NC 27509